UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Gershon Barkany,

                Debtor.

------------------------------------------------------------x
Marc A. Pergament, as Chapter 7 Trustee
for the Estate of Gershon Barkany,

                Plaintiff,

      v.

Joseph Rosenberg, Deborah Rosenberg,
Jonathan Zelinger, Gila Zelinger, Ethical
Products, Inc., and Petex International
Limited,

                Defendants.

------------------------------------------------------------x

Case No. 8-14-72941-las

Chapter 7

Adv. Proc. No. 8-16-08149-las

MEMORANDUM DECISION AND ORDER DENYING TRUSTEE'S MOTION *IN LIMINE*
TO EXCLUDE THE EXPERT TESTIMONY OF S. DAVID BELSKY, CPA[1]

Presently before the Court is the motion, *in limine*, dated December 20, 2019 (the "Motion") [Dkt. No. 94],[2] filed by plaintiff Mark A. Pergament, as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Gershon Barkany (the "Debtor"), to strike S. David Belsky, CPA ("Belsky") as a potential expert witness on behalf of Barkany Asset Recovery & Management LLC ("BARM") and preclude BARM from offering expert testimony from Belsky

---

[1] This Memorandum Decision and Order is consistent with and explains further the bases of the Court's ruling at the conclusion of the status conference on August 26, 2021. At the status conference, the Court also advised the parties that the Trustee's motion to approve the sale to BARM of estate claims against the Zelinger Parties was likewise denied. That ruling is the subject of a separate written decision by the Court. As a result of that ruling, the Trustee's motion to approve a proposed settlement of this adversary proceeding as against the Zelinger Parties [Dkt. No. 50] has been restored to the Court's calendar and the Trustee's motion *in limine* which was marked off the Court's calendar on January 14, 2020 is now ripe for adjudication.

[2] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the related bankruptcy case of Gershon Barkany, Case No. 8-14-72941-las, are cited as "[Bankr. Dkt. No. __]."

1

in support of its opposition to the Trustee's motion for approval of a proposed settlement between the Trustee and defendants Jonathan Zelinger, Gila Zelinger, Ethical Products, Inc. ("Ethical Products"), and Petex International Limited ("Petex") (collectively the "Zelinger Parties"). Specifically, the Trustee contends that the Court must strike Belsky as a potential witness on the basis that BARM did not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure because it failed to timely disclose Belsky's identity as potential expert witness and similarly failed to produce a written expert's report.

BARM filed opposition to the Motion. [Dkt. No. 97]. In its opposition, BARM refutes the Trustee's arguments and asserts that it has not run afoul of the required disclosures under Rule 26 or this Court's scheduling order setting forth procedures to be followed in connection with the motion to approve the proposed settlement of this adversary proceeding as against the Zelinger Parties. BARM further argues that should the Court find that it failed to timely identify Belsky as a witness, such failure was substantially justified under the circumstances or harmless. *See* Fed. R. Civ. P. 37(c)(1). In sum, BARM argues that the Trustee offers no reasonable basis for precluding Belsky's testimony at the continued hearing on the Trustee's motion to approve the settlement he has reached with the Zelinger Parties.

The Court has carefully considered the parties' submissions, the relevant law, and the record in this case. For the reasons stated below, the Motion is denied and Belsky is permitted to testify at the continued hearing on the Trustee's motion to approve the proposed settlement with the Zelinger Parties. The Trustee may, if he so chooses, take the deposition of Belsky in advance of the continued evidentiary hearing on his motion for approval of the proposed settlement and will have an opportunity to cross-examine Belsky at the hearing. Allowing Belsky's testimony in support of BARM's opposition to the proposed settlement permits the Court to discharge its obligation to familiarize itself with the facts relevant and necessary to a determination whether to approve the proposed settlement*, see In re Ashford Hotels, Ltd.*,

226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998), and apply the factors the Court must consider in evaluating the proposed settlement as set forth by the Second Circuit in *Motorola, Inc. v. Official Comm. Of Unsecured Creditors and JP Morgan Chase Bank, N.A.* (*In re Iridium Operating LLC*), 478 F. 3d 452 (2d Cir. 2007).

## Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

## Background and Procedural History

The Court presumes the parties' familiarity with the underlying facts and procedural history of the Debtor's bankruptcy case. *See In re Barkany*, 542 B.R. 662, 668–81 (Bankr. E.D.N.Y. 2015). Accordingly, the Court will provide background only to the extent necessary to decide the Motion.

On June 25, 2014, an involuntary chapter 7 bankruptcy petition pursuant to 11 U.S.C. § 303(b)[3] was filed against the Debtor by Joseph Rosenberg, Marina District Development Co., LLC, and Saul Kessler. [Bankr. Dkt. No. 1]. On January 12, 2015, the Debtor filed a statement consenting to the entry of an order for relief in the chapter 7 bankruptcy case, and on January 14, 2015, the Court entered an order for relief under chapter 7. [Bankr. Dkt. Nos. 113, 118].

---

[3] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

3

### A. The Rosenberg-Zelinger Adversary Proceeding

On October 5, 2016, the then chapter 7 trustee, Mark A. Frankel, Esq. ("Frankel"),[4] commenced this adversary proceeding (the "Rosenberg-Zelinger Adversary Proceeding") against Joseph Rosenberg, Deborah Rosenberg, and the Zelinger Parties. [Dkt. No. 1]. Joseph and Deborah Rosenberg are the parents of the Debtor's wife, Sarah Barkany, and Jonathan and Gila Zelinger are Ms. Barkany's uncle and aunt. [Dkt. No. 79, ¶ 2]. Jonathan Zelinger is president of Ethical Products and Petex, and Joseph Rosenberg is Ethical Products' and Petex's vice president and chief information officer. Frankel alleged causes of action against the defendants stemming from a Ponzi scheme operated by the Debtor. The six-count complaint asserted the following claims: fraudulent conveyance under New York Debtor and Creditor Law § 273 (Count I), fraudulent conveyance under New York Debtor and Creditor Law § 275 (Count II); fraudulent conveyance under New York Debtor and Creditor Law § 276 (Count III); attorney's fees under New York Debtor and Creditor Law § 276-a (Count IV); objection to Joseph Rosenberg's claims (Count V); and objection to Jonathan Zelinger's claims (Count VI). [*Id.*, ¶¶ 82–114].

In sum, Frankel argued that Joseph Rosenberg, Jonathan Zelinger, Ethical Products, and Petex (i) knew, or should have known, that the Debtor was engaged in a Ponzi scheme or other fraudulent scheme, (ii) willfully ignored numerous red flags evidencing the Debtor's fraudulent conduct, and (iii) were the recipients (alongside Deborah Rosenberg and Gila Zelinger) of numerous fraudulent transfers by the Debtor. [*Id.*, ¶¶ 34–81]. The claims alleged in the Rosenberg-Zelinger Adversary Proceeding consist of fraudulent transfer claims under

---

[4] Mr. Pergament was appointed interim trustee on January 23. 2015. [Bankr. Dkt. No. 120]. On April 22, 2015, an election for a permanent chapter 7 trustee was held and, on December 29, 2015, Frankel was appointed as the permanent chapter 7 trustee of the Debtor's bankruptcy estate. [Dkt. Nos. 288–289]. Frankel subsequently resigned as chapter 7 trustee, and Mr. Pergament was appointed as successor chapter 7 trustee and has continued to serve as the permanent chapter 7 trustee of the Debtor's bankruptcy estate. [Bankr. Dkt. No. 394].

4

non-bankruptcy law, specifically New York Debtor & Creditor Law §§ 273, 275, 276 and 276-a, and do not include allegations that the transfers at issue were fraudulent under § 548(a). With respect to the Zelinger Parties, Frankel sought to recover $380,430.98 against Jonathan and Gila Zelinger, $805,000.00 against Ethical Products, and $481,700.00 against Petex. Defendants appeared in the Rosenberg-Zelinger Adversary Proceeding and asked that all claims made against them be dismissed with prejudice. [Dkt. Nos. 12–17.].

### B.  The Settlement Motion

On March 15, 2018, the Trustee filed a motion (the "Settlement Motion") pursuant to Bankruptcy Rule 9019 seeking approval of a settlement between the Trustee and the Zelinger Parties. [Dkt. No. 50]. The Settlement Motion requests entry of an order settling the fraudulent conveyance claims in the Rosenberg-Zelinger Adversary Proceeding for the sum of $45,431.22. Further, the Settlement Motion provides, *inter alia*, that the Trustee, on behalf of the estate, and the Zelinger Parties will exchange general releases, and will take joint action to obtain dismissal with prejudice of the pre-petition state court action commenced by BARM against the Zelinger Parties, Joseph Rosenberg, and Deborah Rosenberg (the "State Court Action"); the Zelinger Parties will also withdraw all proofs of claim filed by them in the Debtor's bankruptcy case. [Dkt. No. 50-1, ¶ 21]. The Trustee advocates approval of the proposed settlement because his investigation of the subject transactions failed to uncover any facts or evidence to support the allegation that the Zelinger Parties knew that they were investing in, or advancing funds to, a Ponzi scheme. [*Id.*, ¶ 20]. As such, the Trustee avers that any settlement with the Zelinger Parties must be based on a "net winner analysis" whereby the Zelinger Parties would return their "net winnings" of $45,431.22. [*Id.*, ¶ 21]. Further, the Trustee contends that by accepting the settlement sum, together with the Zelinger Parties' agreement to waive any claims against the bankruptcy estate and to

withdraw their filed proofs of claim, the Trustee will realize a significant recovery for the estate without incurring any further legal fees. [*Id.*, ¶ 33].

On July 30, 2019, BARM objected to the proposed settlement. [Dkt. No. 79]. In its objection, BARM argues that the Trustee's investigation of the Zelinger Parties has not been conducted in a reasonable or comprehensive manner insofar as the Trustee has failed to challenge the accuracy of the Zelinger Parties' contentions by seeking production of all relevant records from the Zelinger Parties and taking testimony and obtaining records from outside parties to verify the testimony and the completeness of the document production by the Zelinger Parties. [*Id.*, ¶¶ 5, 29–30]. BARM further argues that the Trustee should not settle with the Zelinger Parties separately from Joseph Rosenberg, and that the settlement should not be approved until certain computer records, obtained in June of 2019, have been thoroughly reviewed by the Trustee. [*Id.*, ¶¶ 31–41]. Finally, BARM argues that, should the Court grant the Settlement Motion, the release provision should be reformed so that claims BARM has or may have against the Zelinger Parties are not released. [*Id.*, ¶ 42]. Specifically, BARM contends that, although the Trustee may have the right to release claims that are property of the estate or that are state-law fraudulent conveyance claims, the Trustee does not have the right to release claims in the State Court Action that belong to BARM.

### C. Motion to Exclude the Expert Testimony of David Belsky

On August 23, 2019, the Court entered an order scheduling an evidentiary hearing as to certain disputed issues of fact raised by the Settlement Motion for November 6, 2019. [Dkt. No. 83]. The Court's scheduling order provided, *inter alia*, that "[o]n or before two weeks before the scheduled evidentiary hearing, the parties shall have exchanged proposed witness lists." [*Id.* at 2]. The scheduling order also provided that "[t]he Part VII Rules of the Federal

6

Rules of Bankruptcy Procedure will apply in this contested matter." [*Id.* at 4]. The evidentiary hearing was thereafter adjourned to November 20, 2019 and then December 11, 2019.

On December 4, 2019, BARM filed the list of witnesses it intended to call in its case in chief at the evidentiary hearing. [Dkt. No. 91]. BARM's witness list included Belsky and the Trustee. BARM stated that Belsky would be testifying "about the investigation he was able to conduct before this bankruptcy case commenced, his review of the investigation the Chapter 7 Trustee claims to have conducted, the inadequacy of the Chapter 7 Trustee's investigation and the reasons additional investigation should be conducted." [*Id.* at 2]. At the evidentiary hearing, the Trustee testified and was examined by his counsel, Marc Weingard, Esq., and cross-examined by BARM's counsel, Casey Howard, Esq. Thereafter, the Trustee questioned whether BARM may offer the testimony of Belsky in support of its opposition to the settlement and stated his intention to move to preclude Belsky from testifying because BARM did not identify with sufficiently clarity Belsky as a potential witness. [Bankr. Dkt. No. 628 at 169–70]. While asserting that BARM's Rule 26(a) disclosure was deficient, the Trustee stated that he and his counsel believed Belsky would be called as a fact witness and were unaware of BARM's intention to offer Belsky as an expert witness until approximately one week before the evidentiary hearing.

On December 20, 2019, the Trustee filed the Motion to exclude Belsky as a witness. In the Motion, the Trustee argues that, as of the date of the Motion, Belsky has not submitted an expert report pursuant to Rule 26(a)(2)(B)(ii). [Dkt. No. 94-2 at 4]. The Trustee notes that, as stated by the Court at the December 11, 2019 evidentiary hearing, subdivision (a)(2) of Rule 26 does not apply in a contested matter "unless the court directs otherwise." [*Id.* (quoting Fed. R. Bankr. P. 9014(c))]. The Trustee contends that because the scheduling order provided that "[t]he Part VII Rules of the Federal Rules of Bankruptcy Procedure will apply in this contested matter," Bankruptcy Rule 7026, and thereby Rule 26, applies to the Settlement

7

Motion. Additionally, the Trustee argues that, due to the timing of BARM's disclosure of Belsky as an expert witness, the Trustee was effectively prevented from requesting that the Court direct BARM to comply with Rule 26(a)(2)'s disclosure requirements. Regardless, the Trustee maintains that the nature of the state-law fraudulent conveyance claims asserted by Frankel in the complaint and that the Trustee investigated, together with the legal standards governing those claims, demonstrate why Belsky's testimony would not assist the Court in analyzing the first *Iridium* factor and should be excluded. [*Id.* at 5]. The Trustee argues this is so because, *inter alia*, Belsky's experience is far removed from determining whether an investor subjectively knew that he or she was investing in a Ponzi scheme. [*Id.* at 8].

BARM filed opposition to the Motion on January 8, 2020. [Dkt. No. 97]. In its opposition, BARM contends that the Trustee does not make a single argument as to why Belsky is unfit to serve as an expert witness in forensic accounting and fraud investigation for purposes of the Settlement Motion. [*Id.* at 1–2, 5–9]. BARM also argues that, despite the Trustee's conclusory statements, Belsky would not be testifying as to what the Zelinger Parties knew or suspected regarding the Debtor's Ponzi scheme. Rather, BARM contends that Belsky will testify as to the "review of the investigation the Chapter 7 Trustee claims to have conducted" and "the inadequacy of the Chapter 7 Trustee's investigation," and Belsky's testimony will include a discussion of the industry standard and step-by-step process a fraud examiner takes when investigating a financial fraud, and whether the Trustee's procedure and method for investigating the Zelinger Parties' transactions with the Debtor measures up to the industry standard. [*Id.* at 2 (citing Dkt. No. 91)]. Finally, BARM argues that it complied with Rule 26 insofar as it was not required to submit an expert report, pursuant to Rule 26(a) or otherwise, nor was it required to formally identify the scope of Belsky's proposed testimony as a witness before December 4, 2019. [*Id.* at 10].

On January 13, 2020, the Court held a status conference and the parties marked off the evidentiary hearing on the Settlement Motion and the Motion because on December 31, 2019, BARM filed a motion to compel the Trustee to assign certain claims to BARM, [Bankr. Dkt. No. 630], and both the Settlement Motion and the Motion would be rendered moot if the Trustee were authorized to assign the subject claims to BARM. The Trustee, however, noted that should the motion to compel be denied, the Court, upon request, may restore the motions to the calendar. After a hearing held on May 5, 2020, at which BARM's motion to compel was denied without prejudice for the reasons set forth on the record, the issue of whether BARM may call Belsky as a witness was again placed before the Court, and the Court allowed the parties to submit supplemental memoranda on the application of Rule 26(a)(2) – specifically whether BARM failed to timely and properly disclose Belsky as an expert witness and, if so, the consequences of such deficient disclosure.

On May 19, 2020, BARM submitted its supplemental memorandum of law, [Dkt. No. 122], and the Trustee submitted his supplemental memorandum of law, [Dkt. No. 123]. Thereafter, the Trustee and BARM resumed discussions and reached an agreement for the assignment of estate claims against the Zelinger Parties to BARM, and the Trustee filed a motion seeking such assignment on February 1, 2021. [Bankr. Dkt. No. 680]. As such, the Settlement Motion and Motion to preclude the testimony of Belsky once again were held in abeyance pending determination of the Trustee's motion to assign estate claims to BARM for the sum of $70,000, an amount that exceeded by $24,568.78 the settlement sum offered by the Zelinger Parties. As stated earlier in this Memorandum Decision, the motion to assign estate claims was denied for the reasons set forth on the record at the August 26, 2021 status conference and is the subject of a separate written decision. Having denied the motion to assign, the Settlement Motion is again restored to the Court's calendar and the Trustee's motion to preclude the testimony of Belsky is ripe for adjudication.

**Discussion**

### A. Legal Principles

Federal Rule of Civil Procedure 26 applies in adversary proceedings. Fed. R. Bankr. P. 7026. Although the Settlement Motion is not an adversary proceeding, it is a contested matter, Fed. R. Bankr. P. 9014, and Bankruptcy Rule 7026 applies in a contested matter. *In re Quigley Co., Inc.*, 437 B.R. 102, 149 (Bankr. S.D.N.Y. 2010). Fed. R. Bankr. P. 9014(c). However, Bankruptcy Rule 9014(c) provides that "[t]he following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: . . . 26(a)(2) (disclosures regarding expert testimony)." Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 9014(c) also provides that "[t]he court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order." *Id.* Thus, unless the Court directs otherwise, the disclosures regarding expert testimony under Rule 26(a)(2) do not apply to a contested matter.

Rule 26(a)(2), which governs the disclosure of expert testimony, states, "a party must disclose to the other parties, the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2) (titled "Disclosure of Expert Testimony"). Additionally, disclosure of an expert witness must be accompanied by a written report, unless the court orders or stipulates otherwise. Fed. R. Civ. P. 26(a)(2)(B)(ii). Parties are required to provide timely disclosure of expert testimony as ordered by the court or, if there is no applicable court order, "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). "The burden is on the movant to establish that the alleged dilatory party breached its disclosure obligations under Rule 26." *In re CIL Ltd.*, No. 13-11272-JLG, 2019 WL 1750909, at *8 (Bankr. S.D.N.Y. Apr. 8, 2019) (citing *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007)).

Additionally, Federal Rule of Civil Procedure 37 applies in contested matters through Bankruptcy Rules 7037 and 9014(c).[5] Rule 37(c) states, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vioni v. Providence Inv. Mgmt., LLC*, 750 F. App'x 29, 32 (2d Cir. 2018) (affirming the district court's decision to preclude expert witness due to delay in disclosure and dilatory party's failure to show substantial justification and harmlessness). Accordingly, when a party fails to make timely disclosures as mandated by Rule 26, Rule 37 imposes a preclusionary sanction absent a determination of either substantial justification or harmlessness.

"Substantial justification" means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). "The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *CIL Ltd.*, 2019 WL 1750909, at *8. "A failure to provide the disclosure mandated by Rule 26 is harmless when there is no prejudice to the party entitled to the disclosure." *Id.* Before precluding testimony, courts within the Second Circuit generally weigh four factors: "(1) the party's explanation for the failure to comply . . . ; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party . . . ; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. and Sci. Commc'n, Inc.*, 118 F.3d

---

[5] Although the Trustee moved under Rule 702 of the Federal Rules of Evidence to exclude the testimony of Belsky, the Court instead views the sum and substance of the relief requested in the Motion as a request for a preclusionary sanction under Federal Rule of Civil Procedure 37(c). As such, the Court analyzed the request to exclude Belsky as a witness under Rule 37(c) and notes that the Trustee did not specifically challenge the admissibility of expert testimony under Rule 702. *See* Fed. R. Evid. 702*; Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993).

955, 961 (2d Cir. 1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590–91 (2d Cir. 1988)).

"Despite the mandatory language of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Harris v. Lewis*, No. 16CV1214PKCJO, 2019 WL 5592747, at *1 (E.D.N.Y. Oct. 30, 2019) (quoting *Pal v. N.Y. Univ.*, No. 06-CV-5892 (PAC) (FM), 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008)). Indeed, Rule 37(c)(1)(C) allows a court to impose other appropriate sanctions in lieu of preclusion. *See Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006)) (holding that a district court did not abuse its discretion when, as a sanction for defendants' late disclosure of their expert, it required defendants to produce their expert for a deposition at plaintiff's request instead of precluding the testimony of defendants' expert). "A failure to disclose can be considered harmless, so long as the opposing party has an opportunity to depose the witness before trial." *Harris*, 2019 WL 5592747, at *1 (quoting *Bynum v. Metro. Transp. Auth.*, No. 01-CV-7945 (CLP), 2006 WL 6555106, at *2 (E.D.N.Y. Nov. 21, 2006)).

**B. Analysis**

BARM, in its supplemental memorandum, argues that (i) Belsky did not submit an expert report ninety (90) days prior to the evidentiary hearing on the Settlement Motion because he was not obligated to do so, (ii) the Trustee is not arguing that Rule 26(a)(2) is applicable, and (iii) the timeline between the August 23, 2019 scheduling order and the originally-scheduled hearing date of November 6, 2019—seventy-five (75) days—itself confirms that it was not contemplated that Rule 26(a)(2) expert disclosure was required. [Dkt. No. 122 at 1–2]. BARM also argues that, under the law of the Second Circuit, an expert who has not submitted a report should not be barred from testifying where non-production of a

12

report was "substantially justified" or "harmless." BARM argues that the non-production of Belsky's expert's report is substantially justified given that the parties assumed Rule 26(a)(2) did not apply and the non-production is harmless given the Trustee's background with Belsky and familiarity with the scope of Belsky's expertise in view of the work performed in the case to date. [*Id.* at 7–10].

The Trustee, in his supplemental memorandum, argues that, as made clear by the Court during the May 5, 2020 hearing, the Court did, in fact, direct that Rule 26(a)(2) applied in this contested matter pursuant to the August 23, 2019 scheduling order. [Dkt. No. 123 at 3–4]. The Trustee also argues that BARM cannot claim that the non-production of Belsky's expert's report was "substantially justified" given the clear language in the scheduling order that "[t]he Part VII Rules of the Federal Rules of Bankruptcy Procedure will apply in this contested matter." [*Id.* at 5–6]. The Trustee further argues that under the four factors a court must consider when determining whether to impose a preclusionary sanction under Rule 37(c), BARM cannot prevail because: (i) BARM's reason for failing to comply with Rule 26 is based on a misreading of the scheduling order; (ii) Belsky's testimony is neither important nor necessary to the Court's consideration of the Settlement Motion; (iii) the Trustee will suffer prejudice if required to address Belsky's testimony absent an expert report; and (iv) a further continuance of the evidentiary hearing is not a viable option given the amount of time that has elapsed since the Settlement Motion was filed. [*Id.* at 6–7].

Here, it appears that there was substantial justification underlying BARM's failure to disclose Belsky as an expert witness given that the timeline provided for in the August 23, 2019 scheduling order suggested that, despite the language that "[t]he Part VII Rules of the Federal Rules of Bankruptcy Procedure will apply in this contested matter," Rule 26(a)(2) was inapplicable because the hearing was scheduled for November 6, 2019, seventy-five (75) days after the scheduling order. This 75-day period, on its face, undermines the language of

13

Bankruptcy Rule 9014(c), which provides that "[t]he court shall give the parties notice of any order issued under this paragraph to afford them a *reasonable opportunity to comply with the procedures prescribed by the order.*" Fed. R. Bankr. P. 9014(c) (emphasis added). The procedures prescribed by the order included, *inter alia*, the applicability of Rule 26(a)(2). However, the 75-day period provided for in the order effectively deprived the parties of the reasonable opportunity to comply with the 90-day period provided for in Bankruptcy Rule 7026(a)(2)(D)(ii), which would be applicable insofar as there was no stipulation nor order adjusting the 90-day period. Simply put, the scheduling order stated that Part VII of the Bankruptcy Rules would be applicable to the contested matter and did not shorten such 90-day period. Moreover, even if there was not a substantial justification underlying BARM's failure to disclose Belsky as an expert witness, such failure is harmless given that the Court will allow the Trustee to conduct a deposition of Belsky before the continued evidentiary hearing on the Settlement Motion. *See Harris*, 2019 WL 5592747, at *1 ("Here, given that the Court has directed Plaintiff to make [the witnesses] available to be deposed before trial begins, Plaintiff's failure to properly disclose these witnesses is harmless, so long as the witnesses make themselves available for deposition within the time frame set by the Court."); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 CIV. 9144 (PAC), 2006 WL 988143, at *4 (S.D.N.Y. Apr. 13, 2006) (holding that "the failure is 'harmless' so long as [the party seeking to preclude the witness's testimony] is provided an opportunity to depose these witnesses" (quoting Fed. R. Civ. P. 37(c)(1))).

Further, in applying the four *Outley* factors, the Court finds that the preclusion of Belsky's testimony would be inappropriate based on the record placed before the Court.

The first *Outley* factor—"the party's explanation for the failure to comply"—weighs in favor of BARM. As noted above, BARM's explanation that it did not believe Bankruptcy Rule 7026(a)(2) to be applicable because of the 75-day timeline provided for in the scheduling order

14

is not unreasonable. Because neither party at the time the scheduling order was entered contemplated any fact or expert discovery, other than a deposition of the Trustee, it is understandable that the parties have a genuine dispute as to the application of Bankruptcy Rule 7026 (a)(2) in light of Bankruptcy Rules 7026(a)(2)(D)(i) and 9014(c). It cannot be gainsaid that a party is expected to comply with the 90-day requirement provided for in Bankruptcy Rule 7026(a)(2)(D)(i) seventy-five days before the evidentiary hearing unless the Court so directs.

The second *Outley* factor—"the importance of the testimony of the precluded witness"—also weighs in favor of BARM. The Court finds that BARM has satisfactorily explained that Belsky should be permitted to testify concerning the adequacy of the Trustee's investigation and reasonableness of the proposed settlement. The Trustee's contention that Belsky would not be an appropriate witness to determine the subjective intent and state of mind of the Zelinger Parties does not carry the day as that is not the basis of BARM's decision to call Belsky as a witness. In short, BARM maintains that the Trustee did not conduct his investigation of the Zelinger Parties in a reasonable or comprehensive manner and, as such, the settlement was not the result of an informed judgment by the Trustee. For the Court to determine whether, in considering the Settlement Motion and BARM's objection thereto, it should "give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable," it must determine whether the Trustee's judgment in making the settlement was reasonably informed. *In re Kerner*, 599 B.R. 751, 756 (Bankr. S.D.N.Y. 2019) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. at 505). This is especially so in light of BARM's objection when considering the third *Iridium* factor – "'the paramount interests of the creditors,' including each affected class's relative benefits 'and the degree to which creditors either do not object to or affirmatively

15

support the proposed settlement.'" *Iridium*, 478 F.3d at 462 (quoting *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

Here, we have BARM, the holder of the largest unsecured claims in this case—a group of Ponzi scheme victims—objecting to the Settlement Motion and its reasonableness, as well as lodging a challenge to the adequacy of the Trustee's investigation in reaching the proposed settlement. In considering a settlement motion under Bankruptcy Rule 9019, weight is given to the views of creditors and, "[w]hen a significant portion of the creditors oppose a proposed settlement, 'a bankruptcy court may not ignore creditors' overwhelming opposition to [the] settlement.'" *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 918 (5th Cir. 1995)). To place BARM's objection in its proper light and determine whether the settlement is in the best interest of creditors and the estate, Belsky's testimony concerning whether the Trustee reached an "informed" judgment in electing to settle with the Zelinger Parties on the proposed settlement terms enables this Court to discharge its obligation to familiarize itself with the facts relevant and necessary to a decision on the proposed settlement. *Ashford*, 226 B.R. at 802 ("[T]the Court's responsibilities are to 'familiarize itself with all facts necessary for an intelligent and objective opinion, canvass the issues, and see whether the settlement falls below the lowest point in the range of reasonableness.'" (citations omitted)).

The third *Outley* factor—"the prejudice suffered by the opposing party"—does not weigh in favor of the Trustee. Any perceived prejudice suffered by the Trustee by reason of BARM's failure to identify with sufficient clarity Belsky as a witness is obviated by allowing the Trustee to conduct limited additional discovery and BARM shall produce Belsky for a deposition at the Trustee's request. Thus, if the Trustee sees fit to request an expert report and/or depose Belsky, any prejudice caused by BARM's alleged non-compliance is harmless

16

and comports with the Court's exercise of its discretion whether to impose sanctions under Rule 37(c) and the nature of the sanction. *See Valentin*, 342 F. App'x at 662 ("[R]ather than preclude the testimony, the court opted to impose the lesser sanction of requiring defendants to produce their expert for a deposition at [plaintiff's] request. The court's decision to impose a less drastic sanction than preclusion was within its discretion."). Accordingly, the Trustee is not prejudiced by BARM's alleged non-compliance with Bankruptcy Rule 7026(a)(2).

The fourth *Outley* factor—"the possibility of a continuance"—weighs in favor of allowing Belsky to testify. As noted above, the Court is willing to establish a limited discovery schedule to allow the Trustee to take the deposition of Belsky and request, if appropriate, an expert report. The short time frame for this discovery will not unduly delay resolution of this matter. Though the Trustee argues that the hearing on the Settlement Motion should not further be prolonged, the Court is also considerate of the fact that, in the interim, the Trustee decided to explore on two occasions the assignment of estate claims to BARM and that after the Trustee filed the assignment of claims motion, the Zelinger Parties filed several motions in the adversary proceeding regarding the proposed assignment of claims. In view of this motion practice, which placed consideration of the Settlement Motion on hold, allowing an additional forty-five (45) days to conduct a deposition of Belsky will not unduly prejudice the Trustee or the Zelinger Parties.

## Conclusion

For the foregoing reasons, the Trustee's Motion *in limine* [Dkt. No. 94] is denied. The parties shall meet and confer on a deposition schedule for Mr. Belsky and file a joint

letter by no later than September 24, 2021 setting forth the proposed deposition schedule.

So Ordered.



Dated: September 9, 2021  
Central Islip, New York

Louis A. Scarcella  
United States Bankruptcy Judge

18